UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON BASKERVILLE and TABITHA BROCK-BETHUNE,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELMHULT LTD. P'SHIP DBA IKEA, a limited partnership; RICHARD BECK, JANE DOE BECK and the marital community composed thereof; and BOBBYE FOWLER, JOHN DOE FOWLER and the marital community composed thereof,<br><br>    Defendants. | NO. CV4-0737C<br><br>ORDER |

    This matter comes before the Court on motion of Defendants, who seek a protective order regarding discovery of video surveillance from the Renton IKEA store taken on April 2, 2005 (See Dkt. No. 60.)  The Court has carefully reviewed the materials submitted by the parties, and hereby DENIES Plaintiffs' motion for a protective order.

    In April 2004, Plaintiffs filed suit against Elmhult ("IKEA") and two of its employees for alleged racial discrimination, pursuant to 42 U.S.C. § 1981.  On April 2, 2005, Plaintiffs sent two Caucasian women through the cashier line at the Renton IKEA in an effort to recreate the February 9, 2002 incident.  Plaintiffs now seek discovery of the store's April 2 video surveillance.

    "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26.

ORDER – 1

1  Discovery rules should be accorded "a broad and liberal scope." <u>Schlagenhauf v. Holder</u>, 379
2  U.S.104, 114-15 (1964).  To temper the liberal scope of discovery, Federal Rule of Civil Procedure 26(c)
3  permits the Court to issue an order to protect a person from "annoyance, embarrassment, oppression, or
4  undue burden or expense," if there is good cause for issuance of the order.  The party seeking a
5  protective discovery order must show good cause for the order by demonstrating the harm or prejudice
6  that will result from the discovery.  <u>Rivera v. Nibco</u>, 364 F.3d 1057, 1063 (9th Cir. 2004).  That burden
7  is a heavy one.  <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).  Defendants, while
8  arguing that the video surveillance tape is irrelevant,  have failed to show that they will suffer harm or
9  prejudice from its discovery.  In addition, Defendants' arguments regarding the credibility and potential
10 admissibility of the video are premature.
11 Accordingly, the Court DENIES Defendants' motion for a protective order.

ORDERED this 20th day of May, 2005.

UNITED STATES DISTRICT JUDGE

26 ORDER – 2