UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON BASKERVILLE and TABITHA BROCK-BETHUNE, <br><br> Plaintiffs, <br><br> v. <br><br> ELMHULT LIMITED PARTNERSHIP, DBA IKEA, a limited partnership; RICHARD BECK, JANE DOE BECK and the marital community composed thereof; and BOBBYE FOWLER, JOHN DOE FOWLER and the marital community composed thereof, <br><br> Defendants. | CASE NO. C04-0737C <br><br> ORDER |

  This matter has come before the Court on Plaintiffs' motion for reconsideration of the Court's August 10, 2005 Order. In particular, Plaintiffs object to the Court's finding that the records demanded are not relevant to a determination of the negligence alleged in their complaint. Plaintiffs' motion is DENIED.

  Motions for reconsideration are governed by Local Rule CR 7(h)(1), which provides in pertinent part that "[m]otions for reconsideration are disfavored . . . [and] will ordinarily [be] den[ied] . . . in the absence of a showing of manifest error in the prior ruling." Local Rules W.D. Wash. In the case at bar,

ORDER – 1

Plaintiffs argue that the Court's order was in error because it held them to a more specific pleading standard.

The notice pleading standard under Federal Rule of Civil Procedure 8 requires that a complaint must contain short and plain statements sufficient to give the defendants fair notice of what the claims against them are and the grounds upon which these claims rest. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). In the case at bar, Plaintiffs' complaint only sets forth a general cause of action for negligence. Plaintiffs' allegations that Defendants owed and breached a duty of care to their business invitees give no notice to Defendants that their generally stated negligence claim might extend to a claim for negligent hiring and supervision. In contrast, the plaintiff in *Swierkiewicz*, to which Plaintiffs cite for support, had alleged that he had been terminated on account of his age and his national origin. 534 U.S. at 514. He also gave details about the circumstances surrounding his termination. *Id.* All of these allegations, taken as a whole, conveyed a clear sense of what the plaintiff's claims were about. In contrast, the details supplied in Plaintiffs' complaint do not serve to put a defendant on notice that a claim for negligent supervision will be asserted. Therefore, to the extent the August 10 order found that Plaintiffs' complaint did not satisfy a heightened pleading standard, that order was in error. Any claim Plaintiffs purported to assert regarding negligent supervision or hiring does not meet the Rule 8(a) standard for notice pleading.

Plaintiffs' comparison of the effect of the Court's August 10 Order and the heightened pleading standard imposed by Rule 9 on claims for fraud and mistake is inapposite. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Ninth Circuit has interpreted the rule to mean that "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Teamsters Local # 427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981). These requirements of Rule 9(b) are triggered only once a claim for fraud has been made. Here, Plaintiffs have not even completed the preliminary step of asserting the relevant claim.

ORDER – 2

For the foregoing reasons, the Court finds that Plaintiffs have failed to show that the Court's August 10, 2005 Order committed manifest error. Plaintiffs' motion for reconsideration is therefore DENIED.

SO ORDERED this 22nd day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3